**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BETTY DEAN-HIGHTOWER,**

    **Plaintiff,**

vs.                                                   Case No. 4:18cv128-RH/CAS

**CORPORAL MATTHEW KIRKLAND,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by filing a civil rights complaint, ECF No. 1, and paying the filing fee. Plaintiff's complaint was reviewed and because it was insufficient, Plaintiff was required to file an amended complaint. ECF No. 4. Plaintiff has now filed an amended complaint. ECF No. 5. That version of the complaint has been reviewed.

Plaintiff names Corporal Kirkland of the Florida Highway Patrol as the only Defendant. As Plaintiff was previously advised, to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States."

Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  Plaintiff must demonstrate "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff has still not met that requirement because Plaintiff has not shown that her constitutional rights were violated or that the Defendant took any action which could be said to deprive Plaintiff of her constitutional rights.

Plaintiff's statement of facts reveals that the facts underlying this case are based upon a traffic accident in which her brother was killed.  ECF No. 5 at 3.  Plaintiff makes conclusory assertions that the Defendant acted in a discriminatory manner, but Plaintiff provides no facts in support of that assertion.  Moreover, no facts are presented which reveal that Defendant discriminated against Plaintiff.

Plaintiff's amended complaint reveal that Plaintiff was not satisfied with the investigation undertaken by Defendant Kirkland following the accident.  ECF No. 5 at 3.  However, Plaintiff does not have a constitutional right to a law enforcement investigation or to one that meets her

satisfaction. The amended complaint reveals that an investigation was made, *Id.* at 4, but Plaintiff was not satisfied with that investigation or the level of charges brought against the driver of the vehicle who was found at fault in the accident. *Id.* at 4-6. Plaintiff's communications with Spirit and "vibes" at a cemetery do not provide a basis for concluding that an insufficient investigation was conducted, or that the Defendant violated Plaintiff's rights. *See* ECF No. 5 at 6. This case should be dismissed.

**Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.